**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  15-CV-2212-JLK

PATTI PUGH, individual,

      Plaintiff,

v.

ELWOOD STAFFING D/B/A SOS EMPLOYMENT GROUP, A/K/A SOS STAFFING SERVICES, an Indiana corporation,

      Defendant.

---

## STIPULATION AND PROTECTIVE ORDER

---

      Kane, J.

      Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

      1.     In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.  The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of

1

preventing the disclosure and use of Confidential Information except as set forth herein.

2.        "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing: (a) personnel information concerning current and former employees of Defendant Elwood Staffing Services, Inc., incorrectly identified as Elwood Staffing d/b/a SOS Employment Group, a/k/a SOS Staffing Services ("Defendant" or "Elwood Staffing"), to the extent that such information implicates privacy interests and is not generally known to the public; (b) proprietary business information of the Defendant; (c) information containing industry trade secrets; and (d) information relating to Plaintiff concerning personal and confidential matters not generally known to the public, such as, but not limited to, income information, medical information, and information regarding contacting prospective employers.

3.        Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

      a.        By imprinting the word "Confidential" on the first page or cover of any document produced;

      b.        By imprinting the word "Confidential" next to or above any response to a discovery request; and

      c.        With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later

than ten calendar days after receipt of the transcribed testimony.

4.      All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.      It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5.      The Parties further anticipate seeking Confidential – Attorneys' Eyes Only Information (as defined by Paragraph 6 below) during discovery and that there will be questioning concerning Confidential – Attorneys' Eyes Only Information in the course of depositions.  The Parties' assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

6.      "Confidential – Attorneys' Eyes Only Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in a manner provided in paragraph 7 below as containing information relating to highly sensitive personal and confidential matters not generally known to the public.

3

7.      Where Confidential – Attorneys' Eyes Only Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

      a.      By imprinting the phrase "Confidential – Attorneys' Eyes Only" on the first page or cover of any document produced;

      b.      By imprinting the phrase "Confidential – Attorneys' Eyes Only" next to or above any response to a discovery request; and

      c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential – Attorneys' Eyes Only" no later than ten calendar days after receipt of the transcribed testimony.

8.      Access to and viewing of any document marked "Confidential – Attorneys' Eyes Only" received by the nonproducing Party, and any information contained in any such document, shall be restricted to the following persons:

      a.      Attorneys actively working on the case;

      b.      Persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

      c.      Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

4

         d.     The Court and its employees;

         e.     Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

         f.     Other persons by written agreement of all Parties.

9.     Where disclosure of Confidential Attorneys' Eyes Only Information is made by agreement of all Parties under subsection (f) of Paragraph 8 above or to expert witnesses and consultants under subjection (c) of Paragraph 8 above, any such disclosure shall require execution of an affidavit in the form of Exhibit A.

10.     Individuals authorized to review Confidential Information or Confidential – Attorneys' Eyes Only Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge the Confidential Information or Confidential – Attorneys' Eyes Only Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

11.     The Party's counsel who discloses Confidential Information or Confidential – Attorneys' Eyes Only Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information or Confidential – Attorneys' Eyes Only Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information or Confidential – Attorneys' Eyes Only Information, and shall maintain a list of all persons to whom any such information is disclosed.

12.     During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 11 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information or Confidential – Attorneys' Eyes Only Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

13.     No copies of Confidential Information or Confidential – Attorneys' Eyes Only Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

14.     During the pendency of this litigation, counsel shall retain custody of Confidential Information and Confidential – Attorneys' Eyes Only Information, and copies made therefrom pursuant to paragraph 138 above.

15.     If opposing counsel objects to the designation of certain information as Confidential Information or Confidential – Attorneys' Eyes Only Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order.  Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information or Confidential –

Attorneys' Eyes Only Information status from the time it is produced until the ruling by the Court on the motion.

16.     Use of Confidential Information or Confidential – Attorneys' Eyes Only Information in Court Proceedings: In the event Confidential Information or Confidential-Attorneys' Eyes Only Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.  Confidential Information and Confidential – Attorneys' Eyes Only Information and pleadings or briefs quoting or discussing Confidential Information Confidential – Attorneys' Eyes Only Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information or Confidential – Attorneys' Eyes Only Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

17.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information and Confidential- Attorneys' Eyes Only Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective

Order.

18.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

19.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information and Confidential – Attorneys' Eyes Only Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.  At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information or Confidential – Attorneys' Eyes Only Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information or Confidential – Attorneys' Eyes Only Information has been destroyed.

20.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information or Confidential – Attorneys' Eyes Only Information shall be treated at trial.

Dated at Denver, Colorado, this 29th day of February, 2016.

BY THE COURT:

_John L. Kane_

_____
JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT

8

STIPULATED AND AGREED TO:


*s/ Mark J. Berumen*                     *s/ Roger G. Trim*
Mark J. Berumen                          Roger G. Trim
Kristen Kavan                            Raul Chacon, Jr.
Berumen Law Firm, P.C.                   Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
13900 East Harvard Avenue                1700 Lincoln Street
Suite 108                                Suite 4650
Aurora, Colorado 80014                   Denver, Colorado 80203
markberumen@berumenlaw.com               roger.trim@ogletreedeakins.com
kristenenglert@berumenlaw.com            raul.chacon@ogletreedeakins.com
Attorneys for the Plaintiff              Attorneys for the Defendant

**EXHIBIT A**
**AFFIDAVIT**

STATE OF COLORADO                    )
                                                               )ss.
COUNTY OF_____  )

_____, swears or affirms and states under penalty of perjury:

1.      I have read the Protective Order in Patti Pugh v. Elwood Staffing d/b/a SOS Employment Group, a/k/a SOS Staffing Services, Civil Action No. 15-cv-02212-JLK, a copy of which is attached to this Affidavit.

2.      I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information or Confidential – Attorneys' Eyes Only Information as defined in the Protective Order.

3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information or Confidential – Attorneys' Eyes Only Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information or Confidential – Attorneys' Eyes Only Information for any purpose other than this litigation.

4.      For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.

_____
Signature
_____
(Print or Type Name)
Address:
_____
_____
Telephone No.: (_____)_____

SUBSCRIBED    AND    SWORN    to    before    me    this    _____    day    of    _____, 2016, by _____.

WITNESS my hand and official seal.

[S E A L]                                                  _____
                                                                    Notary Public
My Commission Expires: _____